### Thomas Brown v. St. Louis Hay & Grain Co.

1. CHANCERY PRACTICE—*The Proofs Must Sustain the Bill.*—In all proceedings in chancery the evidence must sustain the bill.

**Bill to Have a Charter Declared Forfeited.**—Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

E. C. RHOADS and LEE W. GRANT, attorneys for appellant.

WISE & McNULTY, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

Appellee is a corporation and appellant is a stockholder therein, and this was a bill in chancery in the City Court of East St. Louis, by appellant against appellee, to dissolve the corporation and for the appointment of a receiver to wind up its affairs.

This corporation was organized in the fall of 1897, under the laws of the State of Illinois, with its principal office in the city of East St. Louis. From its organization to December, 1898, appellant was its treasurer. At a meeting of its board of directors, in December, 1898, appellant was not re-elected treasurer, and on the 1st day of February, 1899, filed his bill in this case charging that appellee, during the year 1898, was guilty of certain fraudulent practices in procuring and filling certain contracts with the United States government, to furnish hay and oats for supplying the army at Chickamauga, Tennessee, and Huntsville, Ala-

bama. And the bill avers " that the defendant corporation, if allowed to further enjoy the franchise and privileges conferred upon it by the State of Illinois, would use it * * * in the same unlawful manner in defrauding the government of the United States as it had been doing; that by reason of the premises, defendant corporation has rendered itself liable to a forfeiture of its charter." Appellee's answer denies all the unlawful acts set up and charged in the bill.

The case was heard by the chancellor upon the evidence taken and produced in open court, and the chancellor, upon final consideration of the case, finds that the evidence does not sustain the bill, and that there is no equity in the bill.

We have carefully examined and considered the evidence disclosed in this record and agree with the learned chancellor who tried the case that the evidence does not sustain the bill.

The decree of the City Court of East St. Louis is affirmed.